U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

Signed September 17, 2010

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

IN RE: §
§
JEFFREY DAVID PAUL AND § Case No. 10-10222-RLJ-13
JESSICA BARBARA PAUL, §
§
DEBTORS §

### MEMORANDUM OPINION AND ORDER

The debtors, Jeffrey and Jessica Paul, who have had a prior case dismissed within a year of the filing of the instant case, request the continuation of the automatic stay under section 362(c)(3)(B) of the Bankruptcy Code on the basis that the present filing is made in good faith. American State Bank ("ASB"), a creditor of the Pauls holding a mortgage lien against their homestead, opposes the request.[1]

---

[1] The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Memorandum Opinion and Order constitutes the Court's findings of fact and conclusions of law.

**Background**

Section 362(c)(3)(A) provides that where an individual debtor has filed a case within a year of the dismissal of a prior bankruptcy case of the same debtor, the automatic stay terminates "with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). A court may continue the automatic stay if, after a hearing held on the debtor's motion within 30 days of the filing, it determines the present filing is made in good faith. *See* 11 U.S.C. § 362(c)(3)(B). The bankruptcy case of an individual is presumptively *not filed* in good faith as to all creditors if such individual (1) had two or more cases pending within the preceding year; (2) had a previous case dismissed within the last year for failure to properly file or amend documents, provide adequate protection, or perform the terms of a plan confirmed by the court; or (3) has had no substantial change in his financial or personal affairs since the dismissal of the previous filing. § 362(c)(3)(C). The presumption that a filing was not made in good faith arises as to a specific creditor who, in the previous case, was granted relief from the automatic stay or had a motion for such relief pending at the time the case was dismissed. § 362(c)(3)(C)(ii). If the presumption arises, the debtor must rebut the presumption by clear and convincing evidence that the present filing is made in good faith. § 362(c)(3)(C).

The Pauls filed the present chapter 13 case on July 6, 2010. Their prior case, filed January 4, 2010, was dismissed on June 4, 2010, because of their failure to make the required chapter 13 plan payments.[2] Both their prior case and the present case were filed to prevent ASB from

---

[2] Section 1326 of the Bankruptcy Code provides that a debtor shall commence making their chapter 13 payments no later than thirty days after the filing of the case.

foreclosing their home. ASB filed a motion to lift the automatic stay and obtained such relief in the prior case.

In addition to defaulting on their payments in the prior case, the Pauls also failed to make their required "direct" payments to ASB.[3] One day prior to the hearing on the motion before the Court, the Pauls made a payment to ASB; it was the first payment that they had made to ASB since August, 2009.

When the Pauls filed their prior case, Mr. Paul was an independent contractor performing handyman-type jobs. He is now a full-time employee as a car salesman, a position he began while the Pauls' prior case was still pending. As a car salesman, Mr. Paul receives a "draw" of $800.00 per month and is then paid a commission for each car he sells. He testified that his gross pay per month "will be" $2,500.00; he has yet to make this much in a single month, however.

Mr. Paul has entered into a wage withholding order with his employer to ensure that the required chapter 13 payments are made to the chapter 13 trustee. The Pauls did not enter into a wage withholding order in their prior case. Mr. Paul testified that he and his wife receive financial help from a relative and that they also recently qualified for a food program under which they receive financial assistance for groceries. Counsel for the Pauls advised the Court that the Pauls have, in the present case, complied with all chapter 13 requirements.

## Discussion

From the foregoing facts, the Court cannot conclude that there has been a substantial change from the prior case to the present case. There are changes in the present case — the

---

[3] As is the common practice for cases before this Court, debtors may make payments directly to fully secured creditors, as opposed to "plan" payments through the chapter 13 trustee.

Pauls' qualification for the food program, the wage withholding order, and their general compliance with chapter 13 requirements — but such changes are not substantial and do not rebut the presumption. The presumption that the present case is not filed in good faith arises, therefore, as to all creditors. The Court will deny the Pauls' request that the stay be continued as to all creditors.

Given the Court's conclusions regarding the continuation of the stay as to all creditors, it is not necessary to address whether the stay should be continued as to ASB. It should be obvious, however, that the present case is not filed in good faith as to ASB. Both filings were made on the eve of planned foreclosures by ASB, the second after dismissal of the prior case in which ASB obtained stay relief. No compelling circumstances were offered by the Pauls to rebut the presumption as it concerns ASB.

At the hearing, the Court raised a question concerning the effect of denying the requested relief. This goes to the meaning of section 362(c)(3)(A), which states as follows: "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case." § 362(c)(3)(A) (emphasis added). Construing this language, at least two views have emerged. Some courts hold that the stay lifts as to the debtor personally, but not as to estate property. *See e.g., In re Holcomb*, 380 B.R. 813 (B.A.P. 10th Cir. 2008); *In re Jumpp*, 356 B.R. 789 (B.A.P. 1st Cir. 2006); *In re Alvarez*, 432 B.R. 839 (Bankr. S.D. Cal. 2010); *In re Dowden*, 429 B.R. 894 (Bankr. S.D. Ohio 2010); *In re Stanford*, 373 B.R. 890 (Bankr. E.D. Ark. 2007); *In re Murray*, 350 B.R. 408 (Bankr. S.D. Ohio 2006); *In re Jones*, 339 B.R. 360 (Bankr. E.D. N.C. 2006); *In re Moon*, 339 B.R. 668 (Bankr. N.D. Ohio 2006); *In re*

*Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006). Other courts construe the provision to mean that the stay terminates in its entirety (i.e., no protection remains for estate property). *See e.g., In re Furlong*, 426 B.R. 303 (Bankr. C.D. Ill. 2010); *In re Daniel*, 404 B.R. 318 (Bankr. N.D. Ill. 2009); *In re Curry*, 362 B.R. 394 (Bankr. N.D. Ill. 2007); *In re Jupiter*, 344 B.R. 754 (Bankr. D. S.C. 2006); *see also In re Haisley*, 350 B.R. 48 (Bankr. E.D. La. 2006) *and In re Parker*, 336 B.R. 678 (Bankr. S.D. N.Y. 2006). These latter courts construe the language, "with respect to the debtor," to clarify that in a joint case in which one spouse is the repeat filer, the stay terminates as to the repeat filer only. *See In re Jupiter*, 344 B.R. at 759.

As stated, the Court raised this issue; the parties have not requested that the Court address it. In addition, the Court notes that the Pauls' creditors meeting was held on August 3, 2010, and, upon a review of the Court's docket, that no objections were filed to the Pauls' homestead claim. The Court therefore assumes that the property subject of ASB's lien has been set aside as the debtors' homestead and is no longer property of the bankruptcy estate. This issue, as raised by the Court, is therefore rendered moot as, under either view, the stay terminates as to both the debtor and the debtors' exempt property (i.e., non-estate property).

### Conclusion and Order

It is, therefore,

ORDERED that the relief requested by the Pauls is denied.

### End of Memorandum Opinion and Order ###